### CLEM v. FAIRCHILD.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE.

Evidence *held* insufficient to establish a claim against decedent's estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 1872, 1873.]

Appeal from Municipal Court of New York.

Action by James S. Clem against Alice L. Fairchild, as administratrix of the estate of Julius M. Fairchild, deceased. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Louis J. Somerville, for appellant.

George E. Morgan, for respondent.

MILLER, J. The pleadings were oral. The plaintiff declared "for money had and received." The defendant pleaded "general denial, payment, accord and satisfaction, statute of limitations, and statute of frauds," and demanded a bill of particulars, which was filed, stating that the plaintiff's claim was for $700 loaned to Julius M. Fairchild, the defendant's testator, in June, 1896. Said testator died January 15, 1904, and the defendant, his daughter, was appointed administratrix with the will annexed on the 6th day of July, 1905.

The plaintiff sought to establish his claim by his own testimony respecting a conversation with the defendant on May 20, 1905, before she was appointed administratrix as aforesaid. It appeared that said testator owned by assignment a paid-up policy of life insurance for the sum of $5,615 on the life of one John Erskine, and that on the 1st day of August, 1899, he signed a written assignment of said policy to the plaintiff and acknowledged it on the 13th day of July, 1900. Said policy was in the possession of one Sydney Ward, said testator's attorney, and remained in his possession until after the death of said testator and up to within a short time before the said conversation occurred. The plaintiff and a Mr. Brown had been intimate friends of said testator, and upon his death had volunteered to assist the defendant in the settlement of his estate. The plaintiff testified that on said May 20, 1905, the defendant called upon him and said Brown for advice respecting a demand which had been made on her by a creditor of said testator for the payment of three notes, aggregating, with

interest, $1,900, which the defendant said she desired to pay; that it was proposed in said conversation to sell said life insurance policy, and that the plaintiff undertook to sell it, and informed the defendant that it had been assigned to him as security for the payment of said loan of $700; that he afterwards reported to the defendant that he could sell said policy for the sum of $2,728.89; that the defendant requested him to sell it, and to pay said notes and certain other claims; that said policy was sold to the wife of said Brown for said sum (the insured was then 70 years old and in ill health); that after paying said claims the plaintiff delivered the balance of the avails of the sale, $700, to the defendant, who returned it to him and promised to pay him the balance of his said claim, $375.66, which, with interest and costs, is the amount of the judgment appealed from. The defendant denied that the plaintiff informed her of said alleged indebtedness of her father to him, and that she promised to pay him the balance unpaid, after applying said $700. She says that she sought the advice of the plaintiff and said Brown, who had tendered her their friendly offices; that the plaintiff informed her of said policy, and stated that he had an interest in it, but advised her to sell it to get funds with which to pay said notes, and offered to sell both his interest and that of the estate, and from the share belonging to the estate to pay said notes; and that she, relying upon his friendship and trusting him implicitly, left the matter in his hands to arrange for her.

It is to be noted that the suit is not brought on the alleged promise of the defendant to pay the plaintiff said alleged balance. If it were, it might be necessary to consider the questions discussed by counsel— whether there was any consideration for said promise, whether it was void for not being in writing, and whether any suit that might be maintained on it would have to be brought against the defendant individually. The suit is on a claim against the estate of the defendant's testator for an alleged loan made in 1896, and the plaintiff relies on the assignment of said insurance policy executed by said testator and on the transaction between him and the defendant to save the running of the statute of limitations. The plaintiff produced no written evidence of said alleged indebtedness, and of course his statement to the defendant that such an indebtedness existed was no evidence whatever of the fact. The plaintiff's counsel evidently knew that the plaintiff could not testify to any personal transaction with the deceased, and did not on his direct examination seek to elicit any testimony respecting personal transactions. For some unaccountable reason the defendant's counsel asked the plaintiff when he loaned the testator said $700, and the plaintiff answered: "On the 6th day of June, 1896." That is the only testimony which we have been able to find in the record tending to prove the fact of said loan. Fortunately for the defendant it did not occur to her counsel to ask the plaintiff whether said testator executed and delivered to him the assignment of said insurance policy as security for said loan, and thus we are enabled to reverse a judgment which the record satisfies us is unjust.

We are not satisfied that the plaintiff and said Brown acted with that disinterestedness in reference to the sale of said insurance policy which the defendant evidently expected and had the right to expect

from the intimate friends of her deceased father. That has nothing to do with the question before us, except as it tends to cast suspicion on the plaintiff's claim. According to the record before us, that claim was already barred by the statute when said transaction occurred. We may assume that the testimony which the defendant's counsel so kindly elicited from the plaintiff tended to establish the fact of the loan in 1896; but there is no evidence whatever that said insurance policy was assigned to the plaintiff as security for said loan in 1899, except his testimony that he so informed the defendant, which, of course, is not evidence of the fact. There is no evidence whatever to show for what purpose said testator signed and acknowledged the written assignment, nor is there any proof of a delivery thereof to the plaintiff; on the contrary, the proof is that the policy and the written assignment remained in the possession of the testator's attorney until after the testator's death. The proof in this record in reference to the sale of said policy, instead of establishing that the plaintiff's claim · was revived or kept alive, suggests at least the propriety of an investigation on the defendant's behalf to determine whether a suit to recover the avails of said sale remaining·in the plaintiff's hands, if not one to set the entire transaction aside, should not be brought. If the alleged loan in 1896 was ever made—and the absence of any written evidence of indebtedness, together with the circumstances under which it is now asserted after the death of the alleged borrower, casts suspicion upon it—any suit upon it was barred before the death of said testator, because there is no proof of any fact which tolled or prevented the running of the statute of limitations during the lifetime of the testator.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.